United States District Court
Middle District of Florida
Jacksonville Division

SHARON A. ROBINSON,

    Plaintiff,

v.                                                                No. 3:22-cv-255-MMH-LLL

TSA SECURITY, CLEVELAND
HOPKINS AIRPORT,

    Defendant.
_____

## Report and Recommendation[1]

Before the Court is plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis. The motion was referred to me for a report and recommendation. After reviewing the motion and the amended complaint, doc. 4, I respectfully recommend that the motion be denied, and the complaint be dismissed without prejudice.

---

[1] A party may file written objections to a report and recommendation within 14 days after being served with a copy of the document. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

## Background

Plaintiff filed her initial complaint, doc. 1, on the same date as her motion to proceed in forma pauperis, doc. 2. It was unclear in plaintiff's original complaint under what cause of action she intended to proceed. The Court entered an order, doc. 3, taking plaintiff's motion under advisement and explaining the deficiencies identified in each potential claim. *See generally id*. Specifically, the Court noted that plaintiff could not pursue a cause of action against sole defendant Transportation Security Administration (TSA) under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) because, although "federal officials may be sued in their individual capacities for violations of an individual's constitutional rights . . . . a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *See Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (per curiam) (citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71 (2001) (holding that *Bivens* is "solely concerned with deterring the unconstitutional acts of individual officers")); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to permit a damages remedy under *Bivens* against federal agencies)); *see also* order, doc. 3 at 5. The Court also observed that, to the extent plaintiff intended to bring a claim under § 504 of the Rehabilitation Act, *as amended* 29 U.S.C. § 794, monetary damages are not recoverable from the federal government under this statute. Order, doc. 3 at 6; *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (punitive damages may not be awarded in suits brought under § 504 of the Rehabilitation Act); *Lane v. Pena*, 518 U.S. 187 (1996) (Congress has not waived the

Government's sovereign immunity against monetary damages awards for § 504(a) violations). Further, the Court explained that § 504 does not provide for individual liability. Order, doc. 3 at 6; *see also Berkery v. Kaplan*, 518 F. App'x 813, 814-15 (11th Cir. 2013) (per curiam).

The Court allowed plaintiff an additional opportunity to file an amended complaint that states a claim upon which relief can be granted. Order, doc. 3 at 7. The Court directed plaintiff to include all factual and legal allegations she wanted the Court to consider because her previous pleading, doc. 1, would no longer be considered. *Id.* at 7. Plaintiff was directed to: 1) include a short and plain statement of the claim showing that she is entitled to relief; and 2) include sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* Plaintiff then filed her amended complaint, doc. 4, providing fewer factual allegations than her original complaint and failing to correct the deficiencies in her original complaint. Therefore I recommend the amended complaint be dismissed without prejudice.

## Authority

A court may authorize a plaintiff to proceed without prepayment of fees if she demonstrates that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to considering the request to proceed in forma pauperis, the Court must also decide whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B). If the Court finds that any of these apply, it "shall dismiss the case . . . ." *Id.* at § 1915(e)(2).

To avoid a dismissal, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677-78. A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678.

Pro se pleadings are "held to a less strict standard than pleadings filed by lawyers and [ ] are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## Analysis

In her amended complaint, a form complaint for the violation of civil rights, plaintiff again lists the TSA as the sole defendant and checks the box indicating she intends to proceed on a *Bivens* cause of action. Doc. 4 at 2-3. Under the section asking what federal constitutional or statutory right was violated, plaintiff writes "Rehabilitation Act Section 504." *Id.* at 3. When asked for the factual basis for her claim(s), plaintiff states simply that the person pushing her wheelchair through the airport was told to leave by a TSA agent, therefore depriving her of a reasonable

accommodation. *Id.* at 4-5. In the section titled "Injuries," plaintiff lists mental distress, emotional distress, and anxiety. *Id.* at 6. Plaintiff then writes that she is seeking punitive damages of at least one million dollars "for the stress and public embarrassment this situation caused." *Id.* Notably, plaintiff's amended complaint asserts the same causes of action against the same defendant that the Court found to be deficient in her original complaint. *See generally order*, doc. 3.

Although plaintiff may financially qualify to proceed in forma pauperis, *see* doc. 2, she has failed to cure the deficiencies in her complaint and the case is subject to dismissal for failure to state a claim upon which relief can be granted. As explained above, and in the Court's previous order, plaintiff may not sue the United States government or its federal agencies under *Bivens*. Because an action under *Bivens* is meant to deter the individual actor who violated a claimant's constitutional rights, the proper defendant is the individual agent who caused the harm; federal agencies are not cognizable defendants. *See F.D.I.C.*, 510 U.S. at 473; *Horne*, 359 F. App'x at 143. Further, as noted above and in the Court's previous order, monetary damages are not recoverable from the federal government under § 504 of the Rehabilitation Act, *as amended* 29 U.S.C. § 794. *See* order, doc. 3 at 6; *Barnes*, 536 U.S. at 189; *Lane*, 518 U.S. at 200. Because plaintiff has again failed to state a claim upon which relief can be granted, her claim cannot proceed.

## Recommendation

I respectfully recommend:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied**;

2. the case be **dismissed without prejudice**; and

3. the Clerk be directed to **terminate any pending motions** and **close the file**.

**Entered** in Jacksonville, Florida, on May 26, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Honorable Marcia Morales Howard, United States District Judge
Sharon Robinson, pro se
    6042 Blank Drive W.
    Jacksonville, Florida 32244